## No. 13,615.

KENNEY ET AL. *v.* ECCKER ET AL.
(55 P [2d] 327)

Decided February 24, 1936.

Mr. WILLIAM H. SCOFIELD, Mr. CON K. O'BYRNE, for plaintiffs in error.

Mr. F. L. COLLOM, Mr. D. W. STRICKLAND, Mr. JAMES M. SERIGHT, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties are here aligned as in the trial court and reference will be made to them in this opinion as plaintiffs and defendants.

The action is to recover possession of, and quiet title to, unpatented mining claims in Silver Lake Mining District, Gilpin county, Colorado, known as the Mayflower, Puritan, Coney Point, Magnet and Try Again. These, and the Reform Lode, a patented claim, were operated through the Try Again tunnel. By properly recorded deed, plaintiff Karl G. Kenney on March 7, 1929, became the owner of all the claims, the other plaintiffs acquiring their interests from him later. May 18, 1930, defendants Eccker and Miller, and one Mattivi, sought a lease on all the claims with the result that a two year lease was executed and delivered to them by Kenney on June 18, 1930, and upon request and mutual agreement, Sheldon's name was inserted as an additional lessee. June 10, 1930, defendants Eccker and Miller, together with Mattivi and Sheldon, made and recorded a location known as the We Got Em claim, which included and overlapped, a large part of the claims above named, also the Try Again tunnel and its entrance leading to the Reform patented claim. The above named defendants admit that since May, 1932, plaintiffs have been the owners, and entitled to the possession of the Reform claim, but deny that they obtained a lease on the unpatented claims. They base their claim to, and interest in, parts of the unpatented claims, upon the location made and recorded by them June 10, 1930. The remaining defendants, by mining deeds, acquired fractional interests in the unpatented claims from Eccker, Miller and one White, on and after May 18, 1932.

The defendants contended that the location of the claim made by them June 10, 1930, known as We Got Em, was not affected by receiving the lease on all this prop-

erty from Kenney on June 18, 1930. August 21, 1931, Kenney forfeited the lease by written notice, but defendants refused, and now refuse, to surrender possession, the right to which they claim by virtue of the location made by them on what they claim to have been open ground. The trial court sustained their claim by decreeing that defendants acquired possession by location of the We Got Em claim, before the relation of landlord and tenant existed, and are not estopped by becoming subsequent lessees, and that any interest as tenants was disclaimed by them immediately upon discovery of the situation. To this adverse decree and judgment, plaintiffs assign error.

There seems to be little conflict concerning the following facts: That defendants desired a lease from plaintiff Kenney; that they worked on the property in recognition of the lease, is disclosed by Exhibit C, a letter from defendant Eccker to plaintiff Kenney, dated July 3, 1930, fifteen days after the date of the lease received by them. The pertinent parts of said exhibit being, "Just a few lines to let you know that we are working every day at the mine, there are four of us in lease * * * in June, we have worked a total of 46 shifts. * * * in preparing the leases we failed to put in our 4th partner * * * his name is I. E. Sheldon * * * as there are four of us boys in together and only three on the lease papers * * *."; that work was done in the tunnel operated as a part of the Reform Lode; that plaintiffs never were notified during the time herein involved, of the location claimed to have been made by defendants of the We Got Em claim or the recording of the annual labor statement in the names of the defendants or lessees; that plaintiffs relied on the lease they had given for over one year in the belief that its terms were being complied with and their rights protected; that defendants do not deny receiving the lease and that its terms provide for a surrender of the property on its expiration; that defendant Eccker received from plaintiff Kenney a statutory notice

relative to mechanic's liens—admitted in evidence as Exhibit D—and posted it on the claims as required by statute; that this notice was to protect plaintiffs against labor liens arising out of defendants' operation of the property; that defendants made and recorded a valid location of the We Got Em claim prior to June 18, the date of the lease in question; that the We Got Em claim included and overlapped parts of the unpatented claims here involved; that the annual labor required to hold unpatented claims had not been performed by plaintiffs, and that the ground included in the We Got Em claim was open territory; that this location was made after defendants had negotiated with plaintiffs concerning a lease and during the time the lease was being finally prepared.

These and other facts were submitted to the trial court, and upon some of the facts being disputed, it found that the We Got Em claim was properly located and that the land covered thereby was open to location because plaintiffs had failed to do the required annual labor thereon. The real issue for determination then is, whether, under the circumstances, the defendants were estopped from exercising the right to make this location as against the plaintiffs. In this connection, plaintiffs claim that defendants were lessees; that they had accepted the lease and taken possession thereunder, and that such possession arose out of the relation of landlord and tenant; that the lessees or tenants while in possession, could not dispute the title of the landlord or take possession adverse to him. The defendants contend that the facts disclose their possession to have been taken prior to the lease by virtue of the location made by them prior thereto and they further contend that all work done by them was done under and upon their We Got Em claim.

The evidence of good faith on the part of the defendants concerning the entire transaction is not entirely convincing; however, it is undisputed that at the time the location was made by them prior to the date of the lease,

the land was open to location and that plaintiffs had, by their failure to keep the unpatented claims alive and free from the right thereby made possible to relocation, as exercised by defendants, so failed at their peril. Upon this state of the evidence, the trial court determined that defendants were in possession under a location made before the relationship of landlord and tenant existed and that they were not estopped by subsequently entering into such relationship. Evidence to the contrary is not sufficient to justify our disturbing the finding of the trial court made upon the whole record.

Judgment affirmed.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE YOUNG concur.